**NOT FOR PUBLICATION**                                                    **CLOSED**


## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY


|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| ERIC J. RHETT,                       | : | Civil No. 07-2303 (JLL)  |
|                                      | : |                          |
| Plaintiff,                           | : |                          |
|                                      | : |                          |
| v.                                   | : | **OPINION**              |
|                                      | : |                          |
| NEW JERSEY STATE SUPERIOR            |   |                          |
| COURT, et al.,                       | : |                          |
|                                      | : |                          |
| Defendants.                          | : |                          |
|                                      | : |                          |


**APPEARANCES:**

Eric J. Rhett
195 West Main Street, Apt. 2
Rahway, NJ 07065
        (Plaintiff, pro se)

**LINARES**, District Judge.

        This matter comes before the Court on its own motion to dismiss the Second Amended

Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).  Because pro se Plaintiff, Eric J. Rhett, has applied to proceed in forma pauperis,

Section 1915(e)(2) authorizes this Court, on its own motion, to screen the Second Amended

Complaint to determine whether dismissal is warranted.  For the reasons stated below, the Court

dismisses the Second Amended Complaint with prejudice.

## BACKGROUND

On May 1, 2007, Plaintiff filed an original complaint in the District of Maryland, which was accompanied by an application to proceed in forma pauperis. On May 16, 2007, this case was transferred by the Honorable William D. Quarles, United States District Judge for the District of Maryland, to this Court for all further proceedings.

On May 18, 2007, this Court entered an Order that (1) granted Plaintiff's application to proceed in forma pauperis, (2) dismissed Plaintiff's Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a), and (3) permitted Plaintiff 45 days within which to amend his Complaint. At that time, Plaintiff was advised that his failure to comply with Rule 8(a) would result in the dismissal of his amended complaint.

On May 24, 2007, Plaintiff submitted an Amended Complaint. On June 5, 2007, the Court subsequently entered an Order that (1) dismissed Plaintiff's Amended Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a), (2) granted Plaintiff an additional 10 days within which to amend his Amended Complaint, and (3) specifically directed Plaintiff to heed Federal Rules of Civil Procedure 8(a) and 11(a)[1] and to supply the Court with more specific factual allegations and/or documentation in support of his claim(s) for social security disability benefits. In doing so, the Court specifically noted that (1) Plaintiff failed to sign the Amended Complaint, in violation of Rule 11(a), and (2) that it had reason to believe that federal subject matter

---

[1] In particular, the Court noted that the Amended Complaint was not signed by Plaintiff, as required by Federal Rule of Civil Procedure 11(a). Moreover, the Court noted that certain statements contained therein gave the Court reason to question the authorship of the Amended Complaint. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

jurisdiction may be lacking.  At that time, Plaintiff was advised that his failure to comply with the

Federal Rules of Civil Procedure, in particular, Rules 8(a) and 11(a), would result in the dismissal

of his amended complaint, <u>with</u> prejudice.

On June 7, 2007, Plaintiff filed a Second Amended Complaint, which the Court screens now,

pursuant to § 1915(e)(2).

## **LEGAL STANDARD**

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28

U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's

complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In

determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally

in favor of the plaintiff. <u>See, e.g.</u>, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v.

Day</u>, 969 F.2d 39, 42 (3d Cir.1992).  The Court must "accept as true all of the allegations in the

complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most

favorable to the plaintiff." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir.1997).  The

Court need not, however, credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions." <u>Id.</u>

Thus, a <u>pro se</u> complaint may be dismissed for failure to state a claim only if the allegations

set forth by plaintiff cannot be construed as supplying facts in support of a claim, which would

entitle the plaintiff to relief.  <u>See</u> <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981); <u>see also</u>

<u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007) (explaining that the complaint "need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests'") (quoting <u>Bell

Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007) (quoting, in turn, <u>Conley v. Gibson</u>, 355

U.S. 41, 47 (1957)). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. See Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir.1995).

## DISCUSSION

Because Plaintiff is proceeding pro se, the Court construes his Complaint in the way most favorable to him. See, e.g., Carr v. Sharp, 454 F.2d 271, 272 (3d Cir.1971). The Court has reviewed Plaintiff's Second Amended Complaint and finds that (1) it is not signed by Plaintiff, and therefore should be stricken, (2) in the alternative, it fails to conform to Federal Rule of Civil Procedure 8(a), and should therefore be dismissed, and (3) in the alternative, it fails to state a claim upon which relief may be granted, and should therefore be dismissed.

### A.    Federal Rule of Civil Procedure 11(a)

Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or if the party is not represented by an attorney, shall be signed by the party." Plaintiff's Amended Complaint was not signed by Plaintiff, and despite the Court's clear warning,[2] Plaintiff failed to sign his Second Amended Complaint, as well.

Curiously, the Second Amended Complaint alleges, in passing, that "as plaintiff's defense to protect his signature from duplication – plaintiff shall be allowed to print his name to certify to the best of his knowledge, regarding all of his moving papers, documents, pleadings + motions."

---

[2] In the Court's June 5, 2007 Order, the Court warned Plaintiff that his failure to comply with Rule 11(a) in submitting a Second Amended Complaint "will result in the second amended complaint being stricken." See CM/ECF Docket Entry No. 7.

[sic]. Even if the Court were so inclined as to accept Plaintiff's printed name, rather than his signature, Plaintiff has not even printed his own name on the Second Amended Complaint,[3] thereby giving this Court no reasonable basis on which to find Plaintiff compliant with Federal Rule of Civil Procedure 11(a).[4] Accordingly, the Court dismisses Plaintiff's Second Amended Complaint for failure to comply with Federal Rule of Civil Procedure 11(a). See, e.g., A.H. South Orange Maplewood Bd. of Educ., 153 Fed. Appx. 863, 864 (3d Cir. 2005) (explaining that the "Federal Rules of Civil Procedure requires that documents filed with the district are to be signed by counsel, or signed by the party if the party is not represented by counsel; unsigned documents are subject to being stricken."). Even assuming, arguendo, that Plaintiff had complied with the requirements of Rule 11, the Second Amended Complaint would nevertheless be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a).

### B.    Federal Rule of Civil Procedure 8(a)

Federal Rule of Civil Procedure 8(a) mandates that Plaintiff's complaint set forth (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, and (2) a short and plain statement of the claim showing that Plaintiff is entitled to relief. The Second Amended Complaint runs afoul of Rule 8(a) because it is entirely unclear from the Amended Complaint (1) whether the Court has jurisdiction to hear this case and (2) what causes of action Plaintiff asserts against Defendants.

---

[3] See CM/ECF Docket Entry No. 10.

[4] Moreover, the Court remains concerned that Plaintiff is not the actual author of the Second Amended Complaint. See CM/ECF Docket Entry No. 10 at 4 (demanding "relief from 28 U.S.C. § 1915(e)(2) – Altered to the best of our ability – not even I the anonymous helper cannot [sic] make it any clearer."). See 28 U.S.C. § 1654.

**Short and Plain Statement of the Claim(s)**

In short, the Second Amended Complaint is incomprehensible. Although this Court has twice directed Plaintiff to comply with Rule 8(a), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," this Court still cannot decipher what Plaintiff complains of nor what relief he is seeking. Suffice it to say that Plaintiff asserts a variety of unrelated claims, including a "personal injury negligence" claim, a "forgery" claim, a claim of "embezzlement," and a claim for the refund of certain child support funds – to name a few. Such incoherently stated claims are inadequately pled, and therefore, do not afford proper notice to Defendants as to the claims it must defend against, in violation of Rule 8(a). See, e.g., Erickson, 127 S.Ct. at 2200 (explaining that the complaint "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'").

**Subject Matter Jurisdiction**

As previously indicated in this Court's June 5, 2007 Order, this Court is particularly concerned with Plaintiff's failure to set forth sufficient facts to substantiate the basis of this Court's federal subject matter jurisdiction. Because Plaintiff alleges an entitlement to certain social security benefits, federal subject matter jurisdiction appears to be premised on federal question, pursuant to 28 U.S.C. § 1331. See CM/ECF Docket Entry No. 10 at 2.[5] "Federal

---

[5] To the extent that Plaintiff premises jurisdiction upon 28 U.S.C. § 1441, any such premise fails. 28 U.S.C. § 1441 is a statute which permits removal of proceedings to a federal court from a state court, by a defendant. Since Mr. Rhett is the Plaintiff – rather than a defendant – in this matter, it follows that he may not remove this matter to federal court pursuant to 28 U.S.C. § 1441.

To the extent that jurisdiction is premised on diversity of citizenship, Plaintiff has failed to allege facts sufficient for this Court to find that it can exercise diversity jurisdiction under 28

(continued...)

question jurisdiction exists if the action 'arises under' the 'Constitution, laws or treaties of the

United States." United Jersey Banks v. Parell, 783 F.2d 360, 365 (3d Cir. 1986) (citing 28 U.S.C.

§ 1331).  42 U.S.C. § 405(g) provides, in relevant part, as follows:

> Any individual, after any final decision of the Commissioner of
> Social Security made after a hearing to which he was a party,
> irrespective of the amount in controversy, may obtain a review of
> such decision by a civil action commenced within sixty days after
> the mailing to him of notice of such decision or within such further
> time as the Commissioner of Social Security may allow. Such
> action shall be brought in the district court of the United States for
> the judicial district in which the plaintiff resides, or has his
> principal place of business . . . .

To the extent that the Court should construe the Second Amended Complaint as asserting

federal question jurisdiction based on 42 U.S.C. 405(g), Plaintiff has not listed the Commissioner

of Social Security as a defendant to this matter. See 20 C.F.R. § 422.210(d).  Even if the Court

were to excuse Plaintiff's failure to properly identify the Commissioner of Social Security,[6]

Plaintiff has failed to allege facts sufficient for this Court to determine that it has jurisdiction to

hear the instant appeal.

The United States Supreme Court has explained that Section 405(g) specifies the

following requirements for judicial review: "(1) a final decision of the Secretary made after a

---

[5](...continued)
U.S.C. § 1332.  For example, the Second Amended Complaint indicates that at least one of the
named Defendants is a citizen of New Jersey, as is Plaintiff; therefore, there is no complete
diversity of citizenship.  See, e.g., Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365
(1978) (explaining that "diversity jurisdiction does not exist unless each defendant is a citizen of
a different State from each plaintiff.").  In any event, the Amended Complaint does not indicate
that the amount in controversy exceeds the sum or value of $75,000.  See 28 U.S.C. § 1332.

[6]  Michael J. Astrue became the Commissioner of Social Security on February 12, 2007.
See, e.g., Alvarado v. Astrue, No. 06-1899, 2007 WL 1462232, n. 1 (E.D. Pa. May 17, 2007).

hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business." Weinberger v. Salfi, 422 U.S. 749, 763-764 (1975). The Supreme Court has interpreted the "first requirement . . . to be central to the requisite grant of subject-matter jurisdiction-the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'" Id.

The Second Amended Complaint fails to indicate if/when Plaintiff received a final decision of the Commissioner of Social Security, which was rendered after a hearing. Without such information, the Court has no reasonable basis for assessing its ability to review the final determination of the Commissioner of Social Security denying Plaintiff's application for supplemental social security disability benefits, pursuant to 42 U.S.C. § 405(g). Under these circumstances, the Court cannot exercise its jurisdiction to review this social security matter.

Plaintiff was advised, first on May 18, 2007, then again on June 5, 2007, that his failure to comply with Rule 8(a) would result in the dismissal of his complaint, with prejudice. Because Plaintiff's third attempt in drafting a complaint is no more compliant with Rule 8(a) than it was when originally filed, the Court finds that dismissal of the Second Amended Complaint, with prejudice, is warranted.

C.    <u>Failure to State a Claim</u>[7]

Even if the Second Amended Complaint <u>could</u> pass the preliminary hurdle of Rule 8(a) –

which the Court finds it cannot – and even if the Court found that it has subject matter

jurisdiction to hear the instant matter – which it does not – the Court determines that Plaintiff's

social security claim fails to state a claim upon which relief may be granted, and would therefore

be dismissed, in any event. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

In <u>Weinberger</u>, the Court went on to explain that the second and third requirements for

judicial review pursuant to 405(g), namely the commencement of a civil action within 60 days

after the mailing of the notice of the Commissioner's final decision, and the filing of the action in

the appropriate district court "specify, respectively, a statute of limitations and appropriate

venue." <u>Id.</u>  Despite the fact that Plaintiff was specifically directed by the Court in its June 5,

2007 Order "to supply the Court with more specific factual allegations and/or documentation in

support of his  claim(s) for social security disability benefits," Plaintiff has failed to do so.  <u>See</u>

CM/ECF Docket Entry No. 7 at 2.

The Second Amended Complaint provides the following nuggets of information relevant

to Plaintiff's social security-related allegations:

- Demand: Because of substantial violations of social security act [sic]: at
547 Morris Ave Elizabeth N.J. 07208 on May 23, 2007 was [sic]
fraudulently joined – Attest: The pleader never re-contacted [sic] that
office to reapply. Since May 18, 1999 [sic]. Therefore, because facts +
issues are the same, and the district court shall resume under the original

---

[7]  Because this Court screens the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the
Court may assess whether the Second Amended Complaint is frivolous or malicious, fails to state
a claim upon which relief may be granted, or seeks monetary relief from a defendant immune
from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

claim of SSID under jurisdiction 42 U.S.C. 1383(c)-(3) + section
1631(c)(3) directly in district court.  (Second Am. Compl. at 3).

•       Pleader is entitled to be exempt from further Medical examinations under
        Titles II + XVI because pleader's impairments injuries [sic] are permanent.
        Relief in alternative [sic], trial by jury. Applying to All parties that
        conducts examinations + requesting for Med. [sic] Reports or pay pleader
        $750.00 in cash up-front because all Medical [sic] are barred for
        corruption . . . . (Id. at 4(a)).

•       Pleader is entitled to money damages, pursuant to Section 1129 + 1140
        ofocial Security Act . . . . (Id. at 4(b)).

•       Under Fed. R. 8A original social security claim under title XVI - statute
        SSID . . where pleader may be entitled to his full retiring + [sic] disable
        benefits as well [sic] pending discovery from employers.  Return response
        by 7-6-2007 or before . . . From 10-3-89 disable [sic] on a trial period
        basis, could not make any adjustment to any + [sic] all kinds of capacity of
        work. Pleader is entitled [to] retroactive benefits from 10-3-89 for his
        original SSID-claim, maybe pending further discovery from former
        employer or trial by jury. (Id.).

Notably absent from the Second Amended Complaint is any indication that the instant matter

was commenced within 60 days of the mailing of the notice of the Commissioner's final

decision.  Without such critical information, the Court finds that Plaintiff has failed to set forth

sufficient facts to demonstrate that he would be entitled to the relief he seeks.[8]  See Milhouse,

652 F.2d at 373.  Accordingly, even if the Court were to assume, arguendo, that Plaintiff had

complied with Federal Rule of Civil Procedure 8(a), and that this Court had subject matter

jurisdiction to hear the instant matter, the Second Amended Complaint would nevertheless be

---

[8]  Moreover, the Court notes that Plaintiff appears to be litigating similar claims in
another matter before the Honorable Joseph A. Greenaway, U.S.D.J. See Rhett v. Disman, No.
06-2903, 2007 WL 1217981 (3d Cir. April 26, 2007).

dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).[9]

## CONCLUSION

Not only has this Court has given Mr. Rhett two opportunities to rectify the deficiencies in his original complaint, but more importantly, it has provided specific directions which Mr. Rhett has clearly chosen to disregard. The Second Amended Complaint is no more clear or compliant with the Federal Rules of Civil Procedure than it was when originally filed. Accordingly, for the reasons set forth above, Plaintiff's Second Amended Complaint is dismissed without further leave to amend.[10]

---

[9] Plaintiff's social security claim appears to be the sole claim accruing under federal law. Section 1367(c)(3) of Title 28 provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Thus, this Court has discretion to decline jurisdiction over supplemental claims the after Court has dismissed all claims over which it had original jurisdiction. New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1508 (3d Cir.1993); Growth Horizons, Inc. v. Del. County, Pa., 983 F.2d 1277, 1284 (3d Cir.1996) ("In making its determination, the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants'") (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)); Freund v. Florio, 795 F.Supp. 702, 710 (D.N.J. 1992) ("[A]t this early stage in the litigation, dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties"). Accordingly, even assuming Plaintiff had complied with Federal Rules of Civil Procedure 8(a) and 11(a), and that the Court had jurisdiction to hear the instant matter, because the Court would nevertheless dismiss Plaintiff's social security claim for failure to state a claim upon which relief may be granted, the Court would, therefore, exercise its discretion pursuant to 28 U.S.C. § 1367(c)(3) and decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

[10] Accordingly, Plaintiff's application for emergent relief, pursuant to Federal Rule of Civil Procedure 65, filed on June 4, 2007, is dismissed as moot. See CM/ECF Docket Entry No. 9. To the extent that the Court should nevertheless consider Plaintiff's request for emergent relief, any such request would be denied. Plaintiff alleges that "Pleader is entitled to $100,000.00 in pain + suffering damage's [sic] from PSE&G for shutting off pleader's service, just to satisfy

(continued...)

11

An appropriate Order accompanies this Opinion.

_____
/s/ Jose L. Linares

DATE: June 14, 2007                                        JOSE L. LINARES, U.S.D.J.

---

[10](...continued)
other parties – Because the County of Union County – does not have the authority to order
PSE&G not to exercise the comfort care policy and wait until the home energy program pays the
bill. And demands for judgment for money claim said entitled  – because pleader is being placed
in a substantial discomfort situation – unable to accommodate his impairments with the hot water
& electric needed."

A preliminary injunction is a "drastic and extraordinary remedy that is not to be routinely
granted."  Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir.1993). The Third
Circuit has held that "a district court has the authority to grant injunctive relief in an arbitrable
dispute, provided that the traditional prerequisites for such relief are satisfied." Ortho Pharm.
Corp. v. Amgen, Inc., 882 F.2d 806, 812 (3d Cir.1989).  The court identified those "traditional
prerequisites" as follows: (1) whether the movant has demonstrated reasonable probability of
eventual success in the litigation; (2) whether the movant has demonstrated that it will be
irreparably injured pendente lite if relief is not granted to prevent a change in the status quo; (3)
the possibility of harm to other interested persons from the grant or denial of the injunction; and
(4) the public interest.  Id. at 812-13.  Moreover, a plaintiff must establish more than a risk of
irreparable injury. He must demonstrate "'a clear showing of immediate irreparable injury.'"
Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 205 (3d Cir.1990) (quoting ECRI v.
McGraw-Hill, Inc., 809 F.2d 223, 225 (3d Cir. 1987)) (emphasis added).

Having considered Plaintiff's request, the Court finds that Plaintiff has failed to meet its
burden in demonstrating a likelihood of success on the merits.  Accordingly, to the extent that the
Court should consider Plaintiff's request for emergent relief, any such request would be denied at
this time.